

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700                                    973/645-2700
Newark, NJ 07102

July 1, 2005

Kevin P. McManimon
McManimon & Scotland, L.L.C.
One Riverfront Plaza, 4th Flr.
Newark, New Jersey 07102

*04-786-06*

Re:  Plea Agreement with Omar Dhanani

Dear Mr. McManimon:

This letter sets forth the plea agreement between your client, Omar Dhanani, a/k/a "Voleur," a/k/a "Jaeden," ("Omar Dhanani") and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant Omar Dhanani to Count One of the Indictment, Criminal No. 04-786 (WJM), which charges him with knowingly and intentionally conspiring and agreeing with others to: transfer an identification document, authentication feature, and a false identification document knowing that such document or feature was stolen or produced without lawful authority, contrary to 18 U.S.C. § 1028(a)(2); transfer and use, without lawful authority, a means of identification of another person with the intent to commit, and to aid and abet, unlawful activity that constitutes a violation of Federal law, contrary to 18 U.S.C. § 1028(a)(7); and fraudulently produce, use, and traffic in one or more counterfeit access devices, contrary to 18 U.S.C. § 1029(a)(1), all in violation of 18 U.S.C. § 371. If the defendant enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against the defendant for electronic theft of personal identifying information, credit card and debit card fraud, and the production and sale of false identification documents, or related money laundering activities, from in or about August 2002 to on or about October 26, 2004. However, in the event that the judgment of conviction entered as a result of this guilty plea does not

remain in full force and effect, any dismissed charges and any
other charges that are not time-barred by the applicable statute
of limitations on the date this agreement is signed by the
defendant may be commenced against him, notwithstanding the
expiration of the limitations period after the defendant signs
the agreement.  The defendant agrees to waive any statute of
limitations with respect to any crime that would otherwise expire
after the defendant signs the agreement.

Sentencing

        The violations of Title 18 U.S.C. § 371 to which Omar
Dhanani agrees to plead guilty carries a statutory maximum prison
sentence of 5 years and a statutory maximum fine equal to the
greatest of:  (1) $250,000 (2) twice the gross amount of any
pecuniary gain that any persons derived from the offense; or (3)
twice the gross amount of any pecuniary loss sustained by any
victims of the offense.  Fines imposed by the sentencing judge
may be subject to the payment of interest.

        The sentence to be imposed upon the defendant is within
the sole discretion of the sentencing judge, subject to the
provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742,
and the sentencing judge's consideration of the United States
Sentencing Guidelines.  The United States Sentencing Guidelines
are advisory, not mandatory.  The sentencing judge may impose any
reasonable sentence up to and including the statutory maximum
term of imprisonment and the maximum statutory fine.  This Office
cannot and does not make any representation or promise as to what
guideline range may be found by the sentencing judge, or as to
what sentence the defendant ultimately will receive.

        Further, in addition to imposing any other penalty on
the defendant, the sentencing judge:  (1) will order the
defendant to pay an assessment of $100 pursuant to 18 U.S.C. §
3013, which assessment must be paid by the date of sentencing;
(2) may order the defendant to pay restitution pursuant to 18
U.S.C. §§ 3663 et seq.; (3) may order the defendant, pursuant to
18 U.S.C. § 3555, to give notice to any victims of his offenses;
and (4) pursuant to 18 U.S.C. § 3583, may require the defendant
to serve a term of supervised release of up to 3 years, which
will begin at the expiration of any term of imprisonment imposed.
Should the defendant be placed on a term of supervised release
and subsequently violate any of the conditions of supervised
release before the expiration of its term, the defendant may be
sentenced to not more than 2 years' imprisonment in addition to
any prison term previously imposed, regardless of the statutory
maximum term of imprisonment set forth above and without credit

- 2 -

for time previously served on post-release supervision, and may
be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this
Office reserves its right to take any position with respect to
the appropriate sentence to be imposed on the defendant by the
sentencing judge, to correct any misstatements relating to the
sentencing proceedings, and to provide the sentencing judge and
the United States Probation Office all law and information
relevant to sentencing, favorable or otherwise.  In addition,
this Office may inform the sentencing judge and the United States
Probation Office of:  (1) this agreement; and (2) the full nature
and extent of the defendant's activities and relevant conduct
with respect to this case.

Stipulations

This Office and the defendant agree to stipulate at
sentencing to the statements set forth in the attached Schedule
A, which hereby is made a part of this plea agreement.  This
agreement to stipulate, however, cannot and does not bind the
sentencing judge, who may make independent factual findings and
may reject any or all of the stipulations entered into by the
parties.  To the extent that the parties do not stipulate to a
particular fact or legal conclusion, each reserves the right to
argue the existence of and the effect of any such fact or
conclusion upon the sentence.  Moreover, this agreement to
stipulate on the part of this Office is based on the information
and evidence that this Office possesses as of the date of this
agreement.  Thus, if this Office obtains or receives additional
evidence or information prior to sentencing that it determines to
be credible and to be materially in conflict with any stipulation
in the attached Schedule A, this Office shall not be bound by any
such stipulation.  A determination that any stipulation is not
binding shall not release either this Office or the defendant
from any other portion of this agreement, including any other
stipulation.  If the sentencing court rejects a stipulation, both
parties reserve the right to argue on appeal or at post-
sentencing proceedings that the sentencing court was within its
discretion and authority to do so.  These stipulations do not
restrict the Government's right to respond to questions from the
Court and to correct misinformation that has been provided to the
Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and  the
defendant waive certain rights to file an appeal, collateral
attack, writ or motion after sentencing, including but not
limited to an appeal under 18 U.S.C. § 3742 or a motion under 28
U.S.C. § 2255.

<u>Other Provisions</u>

This agreement is limited to the United States
Attorney's Office for the District of New Jersey and cannot bind
other federal, state, or local authorities.  However, this Office
will bring this agreement to the attention of other prosecuting
offices, if requested to do so.

This agreement was reached without regard to any civil
or administrative matters that may be pending or commenced in the
future against the defendant.  This agreement does not prohibit
the United States, any agency thereof (including the Internal
Revenue Service), or any third party from initiating or
prosecuting any civil proceeding against the defendant.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between
the defendant and this Office and supersedes any previous
agreements between them.  No additional promises, agreements, or
conditions have been made or will be made unless set forth in
writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: KEVIN M. O'DOWD
Assistant U.S. Attorney

APPROVED:

DEBORAH GOLDKLANG
Chief, Commercial Crimes Unit

- 4 -

I have received this letter from my attorney, Kevin P. McManimon, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:


_____          Date: 9-18-05
Omar Dhanani


_____          Date: 9/20/05
Kevin P. McManimon, Esq.


- 5 -

Plea Agreement With OMAR DHANANI

Schedule A

1.  This Office and OMAR DHANANI agree to stipulate to the following facts:

a.  The parties agree that the offense of conviction involved losses in an amount greater than $120,000 but less than $200,000.

b.  The parties agree that OMAR DHANANI was a "moderator" on the Shadowcrew website.

c.  As of the date of this letter, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.

d.  As of the date of this agreement, the defendant has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

2.  If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.  Otherwise, this Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.